http://www.va.gov/vetapp16/Files4/1630413.txt

Citation Nr: 1630413 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 14-27 163 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas

THE ISSUES

1. Entitlement to an initial rating higher than 10 percent for diabetic peripheral neuropathy of the right lower extremity.

2. Entitlement to an initial rating higher than 10 percent for diabetic peripheral neuropathy of the left lower extremity.

REPRESENTATION

The Veteran represented by: Velma F. Coronado

ATTORNEY FOR THE BOARD

Nicole L. Northcutt, Counsel

INTRODUCTION

The Veteran served on active duty from February 1967 to March 1969, which included three months of service in Vietnam; however, the Veteran is only credited with approximately one year of service, due to 362 days of countable service lost.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in December 2013 by the Regional Office (RO) of the Department of Veterans Affairs (VA) in Houston, Texas.

Pursuant to 38 C.F.R. § 20.900(c), the appeal has been advanced on the Board's docket.

The Veteran historically had a veterans service organization (VSO) as a representative. In 2009, he appointed the individual identified above as his representative under the provisions of 38 C.F.R. § 14.630 for one-time representation for a particular claim.

The appeal is REMANDED to the agency of original jurisdiction. VA will notify the Veteran if further action is required.

REMAND

The Veteran's initial 10 percent ratings for his diabetic peripheral neuropathies of the bilateral lower extremities were assigned based on the findings of an October 2013 VA diabetic examination, during which the VA examiner diagnosed the Veteran with lower extremity peripheral neuropathies resulting from his diabetes mellitus. While the VA examination form completed by the examiner notes that diabetic peripheral neuropathy diagnoses should be accompanied by specific examination findings reflecting the severity of the neuropathies, no such detailed findings were recorded. Indeed, the December 2013 rating decision granting separate ratings for diabetic peripheral neuropathy informed the Veteran that he would be scheduled to undergo a VA neurological examination to determine the severity of his peripheral neuropathies. 

A VA Medical Center note of record reflects that the Veteran was scheduled to undergo such an examination in December 2013, but the examination was canceled based on the Veteran's failure to attend the examination. The Veteran filed a notice of disagreement with his initially assigned peripheral neuropathy ratings in March 2014, in which the Veteran's representative asserted that the November 2013 VA examination was insufficient as it did not include assessments of the Veteran's lower extremities. In an accompanying statement, the Veteran reported that he had not received notification of his previously scheduled examination. As the current record fails to reflect sufficient clinical findings upon which to evaluate the Veteran's peripheral neuropathies, the Board finds that the Veteran should be provided with another opportunity to undergo a VA examination. 

Additionally, a February 2014 statement from the Veteran's treating physician (Dr. Samani) was submitted characterizing the severity of the Veteran's lower extremity impairments (apparently attributable to two service-connected disabilities, his service-connected peripheral neuropathy and cerebrovascular accident residuals). However, no treatment records from this physician are of record; and efforts to obtain these relevant, outstanding treatment records should be made. 

Accordingly, the case is REMANDED for the following actions:

1. Request that the Veteran either provide his peripheral neuropathy treatment records from Dr. Samani, the treatment provider who authored the February 2014 letter regarding the severity of his lower extremity impairments, or complete a related release form to allow VA to obtain the records on his behalf. 

2. Schedule the Veteran to undergo a VA neurological examination to determine the current severity of his service-connected bilateral lower extremity peripheral neuropathies. The Veteran's electronic claims file must be made available to the examiner for review. 

After eliciting a history of the Veteran's peripheral neuropathy symptoms and reviewing his claims file, the examiner is to conduct an examination of the Veteran's lower extremities and characterize the resulting symptoms as most analogous to slight, moderate, moderately severe, or severe incomplete paralysis of the sciatic nerve; or complete paralysis of the sciatic nerve. 

If possible, the examiner is asked to delineate the symptoms/impairment attributable to the Veteran's service-connected diabetic peripheral neuropathy from other disabilities, such as the Veteran's cerebrovascular accident residuals. 

A complete rationale should be provided for any opinion reached.

3. If the Veteran does not attend the examination, associated the scheduling notice letter with the claims file.

4. Finally, readjudicate the Veteran's claim seeking increased ratings for his bilateral lower extremity peripheral neuropathies. If the full benefit sought with regard to either claim remains denied, issue a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).